# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:16-cr-00265-GMN-CWH |
| Plaintiff, | **ORDER** |
| v. | |
| PASTOR PALAFOX, | |
| Defendant. | |

Presently before the court is defendant Pastor Palafox's motion to strike the special sentencing factor (ECF No. 1363), filed on November 23, 2018. Defendants Albert Lopez and Albert Perez filed a motion for joinder (ECF Nos. 1364, 1365) on November 23, 2018. The government did not file a response.

Also before the court is the government's motion to strike Palafox's motion to strike (ECF No. 1372), filed on December 6, 2018. Palafox filed a response (ECF No. 1464) on January 31, 2019. The government filed a reply (ECF No. 1477) on February 7, 2019.

## I. BACKGROUND

This case arises from allegations that defendant Pastor Palafox and his twenty-two other codefendants conspired to participate in a racketeering enterprise in violation of the Racketeering Influenced and Corrupt Organizations Act. (Superseding Indictment (ECF No. 13).) On July 24, 2018, this court amended the complex case schedule and set August 13, 2018, as the deadline to file pretrial motions. (Order (ECF No. 689).) Palafox filed the instant motion to strike on November 23, 2018, and the government responded by moving to strike the motion on December 6, 2018. (Mot. to Strike (ECF No. 1363); Mot. to Strike (ECF No. 1372).) The undersigned then granted the government's motion to strike, to which Palafox filed an objection. (Order (ECF No. 1454); Objection (ECF No. 1401).) Chief Judge Navarro sustained Palafox's objection in part

and vacated the undersigned's order granting the government's motion to strike. (Order (ECF No. 1454).) The court now resolves the pending motions to strike.

Palafox moves to strike the special sentencing factor in paragraph nine of the superseding indictment, arguing that the special sentencing factor fails to provide Palafox with adequate notice of the murders that he allegedly agreed would be committed the RICO conspiracy. (Mot. to Strike (ECF No. 1363).) The government moves to strike Palafox's motion, arguing that Palafox's motion to strike is untimely under Rule 12 of the Federal Rules of Criminal Procedure. (Mot. to Strike (ECF No. 1372).) Palafox responds that his motion to strike asserts his constitutional rights, and that he may do so at any time. (Resp. (ECF No. 1464).) Palafox further argues that good cause permits filing the motion after the deadline for pretrial motions. (*Id.*) The government replies that Palafox is not excused from complying with the court's scheduling order. (Reply (ECF No. 1477).)

**II. ANALYSIS**

Under Rule 12 of the Federal Rules of Criminal Procedure, certain defenses, objections, and requests must be made by pretrial motion. *See* Fed. R. Crim. P. 12(b)(3). Rule 12(b)(3) applies this requirement to the following:

> (A) a defect in instituting the prosecution, including:
>   (i) improper venue;
>   (ii) preindictment delay;
>   (iii) a violation of the constitutional right to a speedy trial;
>   (iv) selective or vindictive prosecution; and
>   (v) an error in the grand-jury proceeding or preliminary hearing;
> (B) a defect in the indictment or information, including:
>   (i) joining two or more offenses in the same count (duplicity);
>   (ii) charging the same offense in more than one count (multiplicity);
>   (iii) lack of specificity;
>   (iv) improper joinder; and
>   (v) failure to state an offense;
> (C) suppression of evidence;
> (D) severance of charges or defendants under Rule 14; and
> (E) discovery under Rule 16.

*Id.* 12(b)(3)(A)-(E). Rule 12 also permits the court to set a deadline for the filing of pretrial motions. *Id.* 12(c)(1). "If a party does not meet the deadline for making a Rule 12(b)(3) motion,

the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause." *Id.* 12(c)(3).

Here, the court's scheduling order provides August 13, 2018 as the deadline to file pretrial motions. Palafox then filed his pretrial motion to strike the special sentencing factor on November 23, 2018. The pretrial motion argues that there is a defect in the superseding indictment, because the indictment failed to provide specificity regarding the multiple acts of murder that Palafox allegedly agreed would be committed. Palafox further argues in his response to the government's motion to strike that his motion asserts his constitutional rights and, therefore, the motion may be brought at any time. However, having reviewed Palafox's motion to strike, the court finds that the motion is a pretrial motion within the context of Rule 12(b)(3)(B). Due to the nature of criminal cases, pretrial motions will necessarily raise arguments implicating a defendant's constitutional right. An examination of Rule 12(b)(3) indicates that the Rule specifically considered the possible constitutional arguments defendants may raise and yet requires that they be made by pretrial motion. *See generally* Fed. R. Crim. P. 12(b)(3). For example, arguments of improper venue implicate a defendant's constitutional right "to be tried in a district where the crime was committed[,]" and preindictment delay arguments implicate a defendant's Fifth Amendment due process rights. *See United States v. Lukashov*, 694 F.3d 1107, 1119 (9th Cir. 2012) (quoting U.S. Const. art. III, § 2, cl. 3; U.S. Const. amend. VI; Fed. R. Crim. P. 18); *see also* U.S. Const. amend. V; Fifth; *United States v. Gilbert*, 266 F.3d 1180, 1187 (9th Cir. 2001) ("The Fifth Amendment guarantees that criminal defendants shall not be denied due process as a result of excessive pre indictment delay.") Therefore, if the court adopts Palafox's argument, Rule 12(b)(3) would serve no purpose.

Next, Palafox argues that good cause exists allowing him to file the motion after the deadline for pretrial motions. Palafox argues that this is a complex case with hundreds of thousands of pages of discovery, and that his defense team was unable to fully review the production of discovery until late September 2018. Having reviewed Palafox's arguments, the court does not find that he has demonstrated good cause. Palafox's motion to strike addresses alleged deficiencies in the superseding indictment, which was first filed in June of 2017. (*See*

Superseding Indictment (ECF No. 13).)  Palafox had access to the superseding indictment since his arrest in June of 2017, and therefore, could have filed a timely challenge to the indictment at any point thereafter.  Accordingly, the court will grant the government's motion to strike.

**III.    CONCLUSION**

IT IS THEREFORE ORDERED that the government's motion to strike (ECF No. 1372) is GRANTED.

IT IS FURTHER ORDERED that the clerk of court shall strike Palafox's motion (ECF No. 1363) from the docket.

IT IS FURTHER ORDERED that Perez and Lopez's motions for joinder (ECF Nos. 1364, 1365) are DENIED as moot.

DATED: June 19, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE